OPINION
Appellant Cecil P. Kirkland appeals a judgment of the Stark County Common Pleas Court convicting him of Possession of Cocaine (R.C. 2925.11), Tampering with Evidence (R.C. 2921.12), Breaking and Entering (R.C. 2911.13), and Theft (R.C. 2913.02):
ASSIGNMENTS OF ERROR:
 I. THE JURY VERDICT FINDING APPELLANT GUILTY OF ALL CHARGES IN THE INDICTMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 II. APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
Appellant worked with the Massillon Police Department's Special Investigations Unit for over one year as a confidential informant. During this time, appellant had been in the unit's office, where evidence was stored. During these occasions, appellant observed Detective Bruce Wilson unlock the cabinet to retrieve his cash payments.
On March 2, 1997, appellant broke into the office, and stole evidence, including $7,000 in cash, and over 180 grams of crack cocaine. The building janitor discovered the break-in on March 3 1997. The evidence cabinet was always locked, with only Detective Wilson and the office secretary having keys. The stolen evidence pertained to two defendants: Mark Jones and Marcellus Woods. Appellant was involved as a confidential informant on two of the three charges against Jones.
Appellant immediately became a suspect in the break-in. Detective Wilson spoke with appellant on the day the break-in was discovered. Appellant gave a written statement that at the time of the break-in, he was with his girlfriend, sister, mother, and a friend named "Doc" at the Elks Club. Detective Wilson thought he observed glass slivers in the soles of appellant's shoes. Appellant agreed to turn over the shoes for testing. Glass samples were also collected from the carpet in appellant's car, with his consent.
Appellant was arrested on March 15, 1997. Appellant came to the unit's office with his girlfriend, and asked for money. After his girlfriend gave Detective Wilson a taped statement, appellant admitted his involvement in the break-in. Appellant gave a detailed confession to the break-in and theft, claiming that he smoked some of the drugs and kept some of the money, and gave some away, but dumped most of the drugs and money into a river. Appellant alleged that his motivation for the break-in was threats made by Jones and Jones' wife for his involvement as an informant.
Appellant was indicted for Possession of Cocaine, Tampering with Evidence, Breaking and Entering, and Theft. The case proceeded to jury trial in the Stark County Common Pleas Court. At trial, appellant did not deny breaking into the office and stealing the evidence. However, appellant claimed that he committed the crime under duress from Jones.
Appellant was convicted as charged, and sentenced to ten years incarceration for Possession of Cocaine, and twelve months incarceration for Theft, to be served concurrently with each other. He was also sentenced to one year for Tampering with Evidence, and six months for Breaking and Entering, to be served consecutively to the sentences for possession and theft.
 I.
Appellant argues that the judgment of conviction is against the manifest weight of the evidence. He argues that he persuasively presented the affirmative defense of duress by a preponderance of the evidence at trial and, therefore, the jury should have found him not guilty of all charges.
When considering a claim that a judgment is against the manifest weight of the evidence, as opposed to a claim that the evidence was insufficient, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way. Statevs. Thompkins (1997), 78 Ohio St.3d 380, 387. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against a conviction. Id.
Appellant testified that his life and the lives of his family members were in danger from Mark Jones, for assisting the police in Jones' charges of drug trafficking. He claimed that his only choice, once Jones realized that he was a snitch, was to steal the evidence against Jones from the police. However, appellant also admitted to keeping some of the drugs and money he stole. He shared some of the drugs and money with his family. His friend, Doc, testified that appellant planned the break-in weeks before it happened, and referred to it as a "sweet lick," which is slang for a way to make money.
Detective Wilson testified that appellant, and all confidential informants, are informed of the risks of becoming an informant, and are instructed to contact the police immediately upon any threats or safety concerns. Informants have been moved out of town or out of state, at the department's expense, when safety concerns required such actions. However, Detective Wilson testified that prior to the date of his arrest, appellant made no claims to the department that he had been threatened by Jones, and no police reports were ever made by appellant or his family members regarding any such threats. The judgment is not against the manifest weight of the evidence.
The first Assignment of Error is overruled.
 II.
Appellant argues that he was denied effective assistance of counsel, as counsel failed to move to suppress his taped confession on the grounds of coercion, and stipulated to the nature and identity of the property stolen from the evidence cabinet.
To demonstrate that counsel is ineffective, the defendant must show that counsel's performance fell below an objective standard of reasonable representation, and the defendant was prejudiced by such performance. Strickland vs. Washington (1984),466 U.S. 668; State vs. Bradley (1989), 42 Ohio St.3d 136, cert.denied, 497 U.S. 1011. To show prejudice, the defendant must show that had counsel not erred, there is a reasonable probability that the outcome would have been different. Id.
Appellant has not demonstrated that counsel was ineffective for failing to move to suppress his recorded confession to Detective Wilson. Appellant claimed that the statement should have been suppressed on the basis of coercion. The test for determining the voluntary nature of a confession is whether, in the totality of the circumstances, the confession was obtained through coercion or improper inducement on the part of police.State vs. Arrington (1984), 14 Ohio App.3d 111, at paragraph one of the syllabus.
The record does not demonstrate that the confession was obtained through coercion. Appellant signed a Miranda warning card after his rights were explained to him by Detective Wilson, waiving his rights. When asked during the statements if he was given any promises in exchange for his statement, appellant asked Detective Wilson, "You said you would tell them why I did what I did?" The detective responded that he would do so, and would indicate if appellant was cooperative. This comment by Detective Wilson was not coercive or improperly inducive. Detective Wilson merely provided appellant with the opportunity to explain the conduct for which he had been arrested. Appellant used this opportunity to begin to form his defense of duress.
Appellant also argues that counsel was ineffective for unreasonably stipulating to evidence at trial. The physical evidence in the case was stolen and not recovered. Counsel stipulated that the evidence discussed in the crime lab reports, which was related to the Jones and Woods cases, was the evidence in the police cabinet taken by appellant. Counsel stipulated to the identity of these items as drugs and money, and stipulated to the chain of custody of these items from the Crime Lab back to the police evidence cabinet. The evidence offered prior to the stipulation supported a finding that the evidence was the same evidence tested by the crime lab in the Jones and Woods cases. Detective Wilson testified as to the collection storage of the evidence, the transportation of the evidence to the Crime Lab for testing, and its secured return to the police cabinet. The stipulation merely precluded testimony from Jay Spencer, the Crime Lab criminalist, regarding chain of custody, testing procedures, and his qualifications to perform such testing. As appellant did not challenge the identity of the stolen items at trial, but based his affirmative defense solely on duress, counsel was not ineffective for entering into the stipulation. Appellant has not demonstrated that the State would have been unable to prove chain of custody and accurate testing absence such a stipulation.
The second Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.